■ In the Matter of ESTHER GARRAMONE, Respondent, v BLANCHE BERNSTEIN, as Commissioner of the New York City Department of Social Services, Respondent, and BARBARA BLUM, as Commissioner of the New York State Department of Social Services, Appellant. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State commissioner dated October 3, 1978 and made after a statutory fair hearing, which affirmed the determination of the local agency to discontinue petitioner's medical assistance authorization, the appeal is from a judgment of the Supreme Court, Kings County, entered November 5, 1979, which granted the petition and, *inter alia,* ordered that petitioner be given retroactive payments for benefits improperly denied. Judgment modified, on the law, by adding thereto a provision that the amount of petitioner's net annual income exempt from consideration in determining financial eligibility is $2,952. As so modified, judgment affirmed, without costs or disbursements. The agency, in calculating petitioner's net annual income for purposes of determining her financial eligibility for medical assistance, incorrectly held that there was exempt from consideration the net annual income of $2,900 as provided by statute at the time in question (Social Services Law, § 366, subd 2, par [a], cl [8], as amd L 1977, ch 431, § 4). Rather, it should have used the annual accumulation of the $94 basic monthly need allowance (see Social Services Law, § 131-a, subd 3; 18 NYCRR 352.3) and the $152 local maximum monthly shelter allowance with heat for New York City (see 18 NYCRR 352.3), which would have resulted in an annual exemption of

$2,952 (see *Matter of Vailes v D'Elia,* 77 AD2d 45; *Aitchison v Berger,* 404 F Supp 1137, affd 538 F2d 307, cert den 429 US 890). The difference of $52 per year, or $4.33 per month, must be subtracted from petitioner's excess income as originally determined by the agency. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.